NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT H. NEWELL, | No. 23-55611 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:20-cv-08935-FLA-JEM |
| GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JACKIE LACEY, in her official capacity as the District Attorney of Los Angeles County, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted March 31, 2025**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Robert Newell appeals the district court's order denying his petition to reopen and motion to redact his personal information and proceed under a pseudonym. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the district court's denial of a motion to reopen, *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 331 (1971), as well as a district court's "decision not to allow [a] plaintiff[] to remain anonymous," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). When evaluating the need for anonymity, district courts consider "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; . . . (3) the anonymous party's vulnerability to . . . retaliation," (4) prejudice to the opposing party, and (5) the public interest. *Id.* at 1068 (citations omitted); *see also Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).

The district court did not abuse its discretion in denying Newell's petition and motion. Newell's claim that he was fired and remains unemployed because of his participation in this litigation does not demonstrate how he "reasonably fear[s] severe harm" without anonymization or how he is vulnerable to such harm. *Kamehameha Schs.*, 596 F.3d at 1042. Although anonymity may be used to shield a plaintiff from economic harm, "threats of termination and blacklisting

2

are . . . typical methods by which employers retaliate against employees who assert their legal rights." *Does I thru XXIII*, 214 F.3d at 1071. Newell's claimed harm is similar to those typical retaliatory methods, and he does not explain why long-term unemployment uniquely harms him or renders him vulnerable. The district court therefore did not abuse its discretion in concluding that Newell failed to demonstrate a threat of harm greater than the typical plaintiff asserting similar claims. *Id.* at 1070–71.

The district court did not abuse its discretion in concluding that Newell's interest in anonymity thus does not outweigh the public's presumptive interest in his identity as part of the record. *See United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014). That other courts have granted Newell's similar requests for redaction and pseudonymization in different cases is not dispositive because the district court was not bound by those orders.[1]

**AFFIRMED.**

---

[1] Amicus's motion for leave to file an amicus brief and for an extension of time to file (Dkt. 10) is granted, and the amicus brief is accepted as filed.

3